```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| RICHARD DALTON, | CIVIL ACTION NO. 05-2758 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| JO ANNE B. BARNHART, |  |
| Defendant. |  |

**THIS MATTER ARISES** on the in-forma-pauperis application of the plaintiff, Richard Dalton, under 28 U.S.C. § 1915.  This is an action under 42 U.S.C. § 1383(c)(3) for review of a final determination of the Commissioner of Social Security.  Dalton appears to be represented by Legal Services of New Jersey. (Compl., at 1.)  The Court is required to address the application before reviewing the complaint's sufficiency.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

## THE APPLICATION

Dalton's application is incomplete.  He claims he currently (1) is unemployed, and (2) receives general assistance. (App., at 1.)  But he fails to state specifically if he was employed or received any other money — and if so, the sources and amounts — in the past 12 months.

The Court intends to deny the application.  The Court must do so when a plaintiff provides incomplete responses, and thus fails to show entitlement to in-forma-pauperis relief.  See

Spence v. Cmty. Life Imprvmt., No. 03-3406, 2003 WL 21500007, at *1 (E.D. Pa. June 26, 2003); Daniels v. County of Media, No. 03-377, 2003 WL 21294910, at *1 (E.D. Pa. Feb. 6, 2003); White v. Carollo, No. 01-4553, 2001 WL 1159845, at *1 (E.D. Pa. Sept. 13, 2001). The Court cannot determine from the application if Dalton has the means to pay the filing fee. He should consult the "Application To Proceed In Forma Pauperis" issued by the District of New Jersey, Form DNJ-ProSe-007-04, for guidance.

## THE COMPLAINT

The Court must review the complaint and direct that it not be filed if it is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); Mariani v. United States, 212 F.3d 761, 769 (3d Cir. 2000).

Dalton alleges he has "exhausted the administrative appeals process without success." (Compl., at 1.) But he has provided the Court with neither copies nor detailed summaries of the determinations reached at each administrative level. In addition, he has failed to provide any dates as to when the determinations were issued. He states nothing substantive other than he is "disabled." (Id. at 1; App., at 1.) As Dalton has failed to provide copies or more-detailed summaries of the determinations preceding this action, the Court is unable to determine if the action is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i)-

(ii).  The Court will direct the Clerk of the Court to not file the complaint and designate the action as closed.

## FURTHER INFORMATION

Dalton, if he moves under Federal Rule of Civil Procedure 60(b) for relief from the Court's judgment here, should annex: (1) either a more detailed in-forma-pauperis application or use Form DNJ-ProSe-007-04; and, (2) either detailed summaries of the administrative determinations or copies of the determinations.[1]  The Court will issue an appropriate order and judgment.

                         s/ Mary L. Cooper
                         **MARY L. COOPER**
                         United States District Judge

---

[1] The Court will be receptive to such a motion.  See Fed.R.Civ.P. 60(b)(1)&(6) (concerning inadvertence, excusable neglect, or any other reason justifying relief).  The Court will direct that the complaint not be filed and close the action, rather than terminate the action administratively, to place the burden on Dalton to bring the action to a final disposition.  See Penn. W. Assocs. v. Cohen, 371 F.3d 118, 127-30 (3d Cir. 2004) (concerning effect of administrative termination).